IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARLA HOSKINS, et al.,**

    **Plaintiffs,**

  v.                                                      Civil Action 2:19-cv-5441
                                                          Judge Sarah D. Morrison
                                                          Magistrate Judge Jolson

**LIBERTY MUTUAL GROUP, INC.,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on the parties' letter briefs regarding Defendant's disputed privilege classifications, as well as Defendant's request to bifurcate Plaintiffs' breach of contract and bad faith claims. For the following reasons, unredacted versions of the documents referred to in Defendant's privilege log entries 5, 9, 14, 15, 19, 20, 21, and 22 shall be **PRODUCED** to Plaintiffs within seven (7) days of the date of this Opinion and Order. Further, Defendant's request to bifurcate is **DENIED**. Plaintiffs shall respond to Defendant's summary judgment motion (Doc. 16) within twenty-one (21) days of the receipt of the compelled documents, and Defendant shall file its reply brief within fourteen (14) days of Plaintiffs' response.

    **I.    BACKGROUND**

This case is a dispute over an insurance claim for a house fire. Plaintiffs allege that Defendant unlawfully rescinded their homeowner policy after the fire, failed to pay what was owed them, and acted in bad faith. (*See generally* Doc. 3). Defendant responds that it properly rescinded the policy because Plaintiffs made a false statement in the insurance application, and, in any event, Plaintiffs filed their claim too late. (*See, e.g.*, Doc. 16 at 2). Plaintiffs bring state law claims for

breach of contract, tortious breach of the implied covenant of good faith and fair dealing, bad faith, and unfair trade practices.  (*See id.*).

The parties engaged in discovery, which closed on October 10, 2020, (*see* Doc. 10), and Defendant moved for summary judgment on November 19, 2020 (Doc. 16).  But before Defendant filed its summary judgment motion, Plaintiffs moved to extend the dispositive motion deadline, explaining that a discovery dispute had arisen between the parties.  (Doc. 12).  While the parties agreed that discovery in this case was otherwise complete, a dispute over privilege remained.  Plaintiffs had challenged 22 entries from Defendant's privilege log.  (*See id.* at 12).  The parties met and conferred but were unable to agree.  (*See id.*).  So the Court extended the dispositive motion deadline and directed the parties to submit letter briefs supporting their respective positions.

In short, Plaintiffs rely on Ohio law governing bad faith claims in the insurance context to assert that the documents at issue are exempt from the attorney-client privilege or work product doctrine.  In response, Defendant contends that Plaintiffs' interpretation of Ohio law goes too far.  Defendant asks at the very least, for the Court to review the documents *in camera*.  Defendant also, for the first time in this litigation, requests that Plaintiffs' bad faith claim be bifurcated from their breach of contract claim.  To ensure a complete record, the Court ordered Defendant to produce the disputed documents for *in camera* review.  Defendant did so, and the matter is ripe for resolution.

**II.    STANDARD**

Defendant seeks to protect its documents from disclosure under the attorney-client privilege and work product doctrine.

### A. Attorney-Client Privilege and the *Boone* Exception

Ohio law governs Defendant's claims of attorney-client privilege. *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. CIV A 206-CV-899, 2007 WL 1500899, at *3 (S.D. Ohio May 18, 2007) (citing *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006)). Under the privilege, confidential attorney-client legal communications are permanently protected from disclosure, unless the protection is waived. *MA Equip. Leasing I, L.L.C. v. Tilton*, 980 N.E.2d 1072, 1079 (Ohio Ct. App. 2012) (citation omitted).

But the privilege is not absolute. Relevant here, the Supreme Court of Ohio, in *Boone v. Vanliner Insurance Company*, created an exception to the attorney-client privilege applicable to certain insurance disputes. 744 N.E.2d 154 (Ohio 2001). There, the Court faced the issue of "whether, in an action alleging bad faith denial of insurance coverage, the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that may cast light on whether the denial was made in bad faith." *Id*. at 211–212. The Court held that "claims file materials that show an insurer's lack of good faith in denying coverage are unworthy of protection" and should be disclosed. *Id*. at 213.

Importantly, however, "the 'bad faith' exception to privilege discussed in *Boone* 'does not automatically permit discovery of everything contained in a claims file.'" *Zigler*, 2007 WL 1087607, at *1 (quoting *Unklesbay v. Fenwick*, 855 N.E.2d 516, 522 (Ohio Ct. App. 2006)). Rather, "[t]he critical issue is whether the discovery of 'otherwise privileged materials . . . may cast light on bad faith on the part of the insurer.'" *Zigler*, 2007 WL 1087607, at *1 (quoting *Garg v. State Auto. Mut. Ins. Co.*, 800 N.E.2d 757, 763 (Ohio Ct. App. 2003)).

3

### B. Work Product Doctrine

Federal procedural law governs Defendant's claims of work product. *Scotts*, 2007 WL 1500899, at *3 (citing *In re Powerhouse Licensing, LLC*, 441 F.3d at 472). Protected work product is: (1) a document or a tangible thing; (2) that was prepared in anticipation of litigation; and (3) was prepared by or for a party, or by or for his representative. *Zigler*, 2007 WL 1087607, at *3 (citation omitted). Courts narrowly construe the work product doctrine to avoid "hinder[ing] an investigation into the true facts[.]" *Id*. (citations omitted).

### C. Bifurcation

"A district court may, within its discretion, bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp. 2d 720, 722 (S.D. Ohio 2008) (quotation marks and citations omitted). Relevant here, the Ohio Supreme Court in *Boone*, "contemplated bifurcation where the discovery of information relating to the bad faith claim would compromise a defendant's ability to defend the other claims in the lawsuit." *Maxey*, 569 F. Supp. 2d at 722. But it is not a foregone conclusion "that defendants in bad faith cases will automatically suffer prejudice[.]" *Id*. (quotation marks and citation omitted). In other words, bifurcation is not "mandatory" in these cases, but rather, assessed on a case-by-case basis. *Id*.

### III. DISCUSSION

The Court first addresses the parties' privilege dispute before turning to Defendant's request to bifurcate.

### A. Privilege Dispute

Plaintiffs believe *Boone* entitles them to all of Defendant's withheld claim notes. But Plaintiffs overlook an important limitation of *Boone:* It applies to Defendant's assertions of

4

attorney-client privilege but not work product. *See Zigler*, 2007 WL 1087607, at **2–4 (applying *Boone* to claims of attorney-client privilege and federal law to claims of work product). Of the 22 challenged privilege log entries, eleven are withheld on the basis of work product. The Court addresses these first.

   *1. Work Product (Entries 3–5, 9, 13–15, and 19–22)*

Upon *in camera* review, the Court concludes that only two privilege log entries, 4 and 13, are work product and protected from disclosure. This is so because these two particular claim notes were prepared in anticipation of litigation after Defendant received a demand letter from Plaintiffs' counsel. So Plaintiffs' request for these documents is **DENIED**.

The same is not true regarding the claim notes described in entries 5, 9, 14, 15, 19, 20, 21, and 22. They were not created in anticipation of litigation. Rather, most of them "concern the investigation" into Plaintiffs' claim, which "is a normal part of Liberty's business and does not show that Liberty was anticipating litigation." *Park-Ohio Holdings Corp. v. Liberty Mut. Fire Ins. Co.*, No. 1:15-CV-943, 2015 WL 5055947, at *3 (N.D. Ohio Aug. 25, 2015). And the few that were created after the termination of Plaintiffs' policy contain only factual information like administrative updates noting that Plaintiffs' claim was closed or that a "Demand Package document was uploaded."

The work product protection does not extend to this type of factual information, even if it is tangentially related to potential litigation. *See Zigler*, 2007 WL 1087607, at *3 (collecting cases) ("The work product doctrine does not protect from disclosure the underlying facts known by the party or her counsel, even if acquired in anticipation of litigation."). Accordingly, Plaintiffs' request for these documents is **GRANTED**, and Defendant is **ORDERED** to produce nonredacted

5

versions of the documents described in entries 5, 9, 14, 15, 19, 20, 21, and 22 within seven (7) days of the date of this Opinion and Order.

2. *Attorney-Client Privilege (Entries 1–2, 6–8, 10–12, and 16–18)*

The remaining entries refer to claim notes Defendant withheld under the attorney-client privilege. Again, Plaintiffs rely on *Boone*. But, as explained, *Boone*'s bad faith exemption to privilege "'does not automatically permit discovery of everything contained in a claims file.'" *Zigler*, 2007 WL 1087607, at \*2 (quoting *Unklesbay*, 855 N.E.2d at 522). Pertinent here, "even a broad reading of *Boone* cannot support discovery of materials created after the denial of coverage." *Zigler*, 2007 WL 1087607, at \*2 (citing *Boone*, 744 N.E.2d at 159) (holding that documents created after denial of coverage are protected). And five of Defendant's privilege log entries, 1–2 and 10–12, refer to claim notes created after the denial date of February 3, 2017. These notes reflect communications between investigators, claim adjusters, and Defendant's legal department regarding potential and pending litigation concerning Plaintiffs' policy. So they are privileged, and *Boone* does not compel disclosure. *See Zigler*, 2007 WL 1087607, at \*2 (citing *Boone*, 744 N.E.2d at 159). Plaintiffs' request for these documents is **DENIED**.

Six privilege log entries, 6–8 and 16–18, remain. These claim notes, made only weeks before Defendant denied Plaintiffs' claim and rescinded their policy, reveal the substance of privileged phone calls between investigators, claim adjusters, and Defendant's legal department regarding potential litigation concerning Plaintiffs' policy. So attorney-client privilege is triggered.

But the Court's inquiry is not complete. It must decide whether these notes are discoverable under *Boone*. "The critical issue is whether the discovery of 'otherwise privileged materials . . . may cast light on bad faith on the part of the insurer.'" *Zigler*, 2007 WL 1087607,

at *1 (quoting *Garg*, 800 N.E.2d at 763).  The Court must review these documents "with particular vigilance for any documents which might demonstrate a lack of good faith thus rendering them unworthy of protection." *Zigler*, 2007 WL 1087607 at *4.

The Court has done so and concludes that *Boone* does not support the disclosure of these otherwise privileged materials.  In short, the claim notes contain innocuous descriptions of privileged phone calls concerning Plaintiffs' policy.  Importantly, they in no way "'cast light on bad faith on the part of [Defendant].'"  *Id*. (quoting *Garg*, 800 N.E.2d at 763).  Accordingly, Plaintiffs' request for these documents is **DENIED**.

### B. Bifurcation

Defendant's request to bifurcate is all about prejudice.  It asserts that the disclosure of privileged materials under *Boone* would harm its ability to defend the underlying contract claim.  But the Court has not compelled documents under *Boone*, therefore nullifying Defendant's concern.  *See Sparks v. State Farm Mut. Auto. Ins. Co.*, No. 1:12-CV-604, 2013 WL 12180873, at *2 (S.D. Ohio Apr. 24, 2013) (noting that, "if the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim").

Nor does the Court find that bifurcation would promote judicial economy.  *See id*. (noting that courts decline to bifurcate where it would not promote judicial economy).  The parties have completed discovery, and Defendant has already filed a summary judgment motion on all of Plaintiffs' claims.  Accordingly, bifurcation at this late stage in the proceedings would not promote judicial economy but have the opposite effect.  And Defendant's request to bifurcate Plaintiffs' claims is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, unredacted versions of the documents referred to in Defendant's privilege log entries 5, 9, 14, 15, 19, 20, 21, and 22 shall be **PRODUCED** to Plaintiffs within seven (7) days of the date of this Opinion and Order.  Further, Defendant's request to bifurcate is **DENIED**.  Plaintiffs shall respond to Defendant's summary judgment motion (Doc. 16) within twenty-one (21) days of the receipt of the compelled documents, and Defendant shall file its reply brief within fourteen (14) days of Plaintiffs' response.

IT IS SO ORDERED.


Date:  December 4, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE